**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 26-CR-20035-KMW

UNITED STATES OF AMERICA,

Plaintiff,

v.

TOMAS NIEMBRO CONCHA,

Defendant.
______________________________________/

**DEFENDANT'S MOTION FOR RECONSIDERATION OF THE ORDER GRANTING IN PART HIS SECOND MOTION TO CONTINUE SENTENCING HEARING (ECF NO. 103) AND TO SET A SCHEDULE FOR SENTENCING SUBMISSIONS**

Defendant Tomas Niembro Concha, through undersigned counsel, respectfully moves for reconsideration of the Court's Paperless Order of July 22, 2026 (ECF No. 103), which granted in part his Second Motion to Continue Sentencing Hearing (ECF No. 102) and continued sentencing to September 18, 2026. Mr. Niembro asks that the sentencing hearing be continued for approximately thirty additional days, to a date on or after October 19, 2026 that is convenient to the Court, and that the Court set a schedule for the defense's objections to the Revised Presentence Investigation Report and its sentencing submissions. He makes this request on the same grounds set out in his Second Motion and on the basis of two developments that post-date the Court's Order: the withdrawal of his co-counsel, Juan J. Michelen (ECF Nos. 104, 105), and the Probation Office's August 11, 2026 disclosure of a Revised Presentence Investigation Report and Addendum that materially changed the advisory guideline range and left the principal guideline dispute unresolved (ECF No. 106). Undersigned counsel represents that, absent extenuating circumstances

beyond counsel's control, no further request to continue the sentencing hearing will be made. In support, Mr. Niembro states as follows.

**BACKGROUND**

1. On March 19, 2026, Mr. Niembro pleaded guilty to Counts 1 and 2 of the Information. ECF No. 88. The Court set sentencing for June 8, 2026. *Id.* In the plea agreement, the parties agreed to jointly recommend a total offense level of 37 before acceptance of responsibility, without any adjustment for role in the offense. ECF No. 90 ¶ 7; Revised PSR ¶ 3.

2. On May 4, 2026, the Probation Office disclosed the draft Presentence Investigation Report to Assistant United States Attorney Plechac-Diaz and to Mr. Michelen. ECF No. 92. The draft report applied a four-level aggravating-role adjustment under U.S.S.G. § 3B1.1(a) that is not part of the parties' agreement, but its Sentencing Options section stated an advisory range of 151 to 188 months. On May 18, 2026, the Government filed objections to the draft report, including an objection to the role adjustment. ECF No. 93.

3. On May 27, 2026, on Mr. Niembro's unopposed motion, which also asked that the deadlines for objecting to the report be extended accordingly, the Court reset sentencing for August 7, 2026. ECF Nos. 96, 97.

4. On July 20, 2026, Mr. Niembro filed his Second Motion to Continue Sentencing Hearing. ECF No. 102. The Second Motion explained that the status of the revised PSR and the parties' objections, the sentencing-related work that remained outstanding, a pending new baby (now arrived) and requested a continuance of approximately 60 days. *Id.* On July 22, 2026, the Court granted the Second Motion in part and continued sentencing to September 18, 2026, at 2:00 p.m. ECF No. 103.

5. Six days after the Court's Order, on July 28, 2026, Mr. Michelen moved to withdraw as counsel of record. ECF No. 104. On August 3, 2026, the Court granted that motion and directed that undersigned counsel "remains counsel of record and shall continue to represent" Mr. Niembro. ECF No. 105 ¶ 2.

6. Mr. Michelen had represented Mr. Niembro alongside undersigned counsel since Mr. Niembro's initial appearance in March 2025. ECF Nos. 9, 10, 77, 78. He appeared at the change-of-plea hearing and at most pretrial hearings, *see, e.g.,* ECF Nos. 29, 33, 54, 70, 71, 88, and he was the defense attorney through whom the Probation Office conducted the presentence process: he attended Mr. Niembro's presentence interview on April 21, 2026, Revised PSR ¶ 152; the draft report was disclosed to him, ECF No. 92; and the Revised PSR disclosed on August 11, 2026 continues to list him, and only him, as defense counsel. Revised PSR at 1. Mr. Michelen had principal responsibility for the PSR objections, the sentencing memorandum, the mitigation submission, coordination with Probation in the run-up to sentencing with my absence and leave from work.

7. On August 11, 2026, eight days after Mr. Michelen's withdrawal, the Probation Office disclosed the Revised PSR and its Addendum. ECF No. 106. Three features of that disclosure bear on this motion.

8. First, the Addendum reports that the Government objected to the four-level role adjustment on the grounds that the conspiracy was "relatively flat," that the Government has not charged and does not expect to charge five or more conspirators, that Mr. Niembro's position at the bank is already captured by the two-level abuse-of-trust adjustment, and that the Government wishes "to honor the plea agreement between the parties." Addendum at 2–3. The Probation Office declined to remove the adjustment and reports the issue as unresolved. *Id.* at 3–4. The Court will

therefore be required to resolve a disputed four-level adjustment at sentencing. *See* Fed. R. Crim. P. 32(i)(3)(B).

9. Second, the Revised PSR corrected what the Probation Office describes as a "scrivener's error" in the draft report's Sentencing Options section: the advisory range stated in the report changed from 151 to 188 months to 235 to 293 months, and the fine range from $35,000–$350,000 to $50,000–$500,000. Addendum at 4; Revised PSR ¶¶ 182, 191. The Addendum notes that should the Court agree with the parties that the role adjustment does not apply, the range would be 151 to 188 months. Addendum at 4. The Revised PSR also adopted a different loss figure, revised a number of offense-conduct paragraphs, and added a recommended special condition. *See* Addendum at 2, 4; Revised PSR ¶¶ 36, 45, 58, 66, 101, 122, 217.

10. Third, the Addendum records that, as of August 11, 2026, no defense objections had been submitted. Addendum at 4. Mr. Niembro intends to submit targeted objections to the Revised PSR — principally joining the Government's objection to the role adjustment, and correcting factual matters in the report's description of his personal and financial circumstances, including that it continues to list as a $10,000,000 asset a residence whose interlocutory sale the Court approved on June 10, 2026, *see* ECF Nos. 100, 101; Revised PSR ¶ 172 — together with the request for a variance contemplated by paragraph 8 of the plea agreement. Revised PSR ¶ 4.

11. Mr. Niembro's primary language is Spanish and his English is limited. Revised PSR ¶ 167. The Revised PSR must be reviewed with him through an interpreter before he can be prepared for sentencing.

12. Mr. Niembro remains on bond. The Probation Office reports that he has been in compliance with his supervision since his release on March 17, 2025. Revised PSR ¶¶ 9–10; *see also* ECF Nos. 35, 54, 73.

## ARGUMENT

### I. Reconsideration Is Appropriate Because Material Changes in Circumstances Occurred After the Court Entered Its Order.

Although the Federal Rules of Criminal Procedure do not expressly provide for motions for reconsideration, the Supreme Court has long recognized the "traditional and virtually unquestioned practice" of entertaining such motions in criminal cases, which serves the interest of "giving district courts the opportunity promptly to correct their own alleged errors." *United States v. Dieter*, 429 U.S. 6, 8 (1976) (per curiam). Courts in this District apply the familiar civil standard: reconsideration is warranted where there is "(1) an intervening change in controlling law; (2) the availability of new evidence; [or] (3) the need to correct clear error or prevent manifest injustice." *United States v. Razz*, 387 F. Supp. 3d 1397, 1402 (S.D. Fla. 2019).

This motion rests on the second ground. Mr. Niembro does not contend that the Court erred when it ruled on the record before it on July 22, 2026. He asks the Court to revisit the length of the continuance in light of two facts that did not exist when the Court ruled. Within a week of the Order, one of Mr. Niembro's two attorneys — the one through whom the presentence process had been conducted — withdrew, and the Court's August 3 Order confirmed that undersigned counsel now proceeds alone. ECF Nos. 104, 105. Eight days after that, the Probation Office issued a Revised PSR that raised the stated advisory range by 84 to 105 months and reported that the Government's own objection to the adjustment responsible for that increase had been rejected and remains for the Court to decide. ECF No. 106. Both developments bear directly on the question the Court decided — how much time is reasonably required to prepare Mr. Niembro for sentencing — and neither could have been raised in the Second Motion.

## II. The Grounds for the Second Motion Remain, and the Loss of Co-Counsel and the Revised PSR Make the Current Schedule Unworkable.

The reasons Mr. Niembro gave in his Second Motion have not changed. Those tasks were, at the time of the Second Motion, being handled by one attorney primarily who had worked on this matter for more than sixteen months.

Mr. Michelen's withdrawal was proper, and Mr. Niembro does not suggest that any party's rights were prejudiced by it. But as a practical matter, the sentencing work that two lawyers were sharing now falls to one who is currently out on paternity leave until the beginning of September, and the Revised PSR has added to that work rather than reduced it. The Undersigned is currently bringing on another  attorney to assist, but that attorney would be completely new to the matter. What remains includes: (a) objections to the Revised PSR, including Mr. Niembro's response on the unresolved § 3B1.1(a) adjustment, an issue on which the Government and the Probation Office disagree and which alone accounts for the difference between a 151-to-188-month range and a 235-to-293-month range; (b) the written request for a variance that the plea agreement requires be filed with the objections, ECF No. 90 ¶ 8; (c) the sentencing memorandum and the collection and translation of mitigation materials from Mr. Niembro's family, former colleagues, and community, most of which are in Spanish; (d) corrections to the financial section of the Revised PSR, which post-dates the Court-approved sale of Mr. Niembro's Key Biscayne residence but does not reflect it, ECF Nos. 100, 101; Revised PSR ¶ 172, and which bears on the report's conclusion regarding his ability to pay a fine, *id.* ¶ 180; (e) the restitution issues that remain open because the receiver has not responded to the victim-loss affidavit, *id.* ¶¶ 113–114; and (f) reviewing the Revised PSR and Addendum with Mr. Niembro through an interpreter and preparing him for the hearing. Counsel has made every effort to absorb Mr. Michelen's share of the work but cannot represent to

the Court that it can be completed to the standard Mr. Niembro deserves, and that the Court expects, on the present timetable. A short continuance would also allow the Court to address the shared § 3B1.1(a) question on a complete record.

**III. A Thirty-Day Continuance Is Modest, Prejudices No One, and Will Be the Last Request.**

Rule 32 directs that sentence be imposed "without unnecessary delay," but expressly permits the Court, "for good cause," to change any time limit the rule prescribes, and to allow a party to make a new objection to the presentence report "at any time before sentence is imposed." Fed. R. Crim. P. 32(b)(1)–(2), 32(i)(1)(D); *see also* Fed. R. Crim. P. 45(b)(1). Good cause exists here for the reasons stated above. The requested continuance is short. It would move sentencing to roughly seven months after Mr. Niembro's guilty plea, in a case in which the parties have already resolved forfeiture by agreement and stipulation. *See* ECF Nos. 95, 101. Mr. Niembro remains on bond and in compliance with his conditions, Revised PSR ¶ 10, and the Government will suffer no prejudice from a brief additional delay. Mr. Niembro proposes the following schedule: the defense's objections to the Revised PSR and its request for a variance within 30 days of the Court's order; the Government's response within fourteen days thereafter; a second addendum from the Probation Office in the ordinary course; and the parties' sentencing memoranda in accordance with the Court's standing practice. To the extent leave is required for the defense to submit objections to the Revised PSR, Mr. Niembro respectfully requests it under Rule 32(i)(1)(D) for the reasons set out above.

Finally, Mr. Niembro and his counsel are mindful that this is the second time they have asked the Court to move the sentencing date and that the Court has already accommodated one prior request in full and a second in part. Undersigned counsel therefore represents to the Court

that, absent extenuating circumstances beyond counsel's control, Mr. Niembro will make no further request to continue the sentencing hearing and will be prepared to proceed on whatever date the Court sets.

## CONCLUSION

For these reasons, Mr. Niembro respectfully requests that the Court reconsider its July 22, 2026 Order (ECF No. 103); continue the sentencing hearing to a date on or after October 19, 2026 that is convenient to the Court; set the schedule for sentencing submissions proposed above, or such other schedule as the Court deems appropriate; and grant such further relief as is just. A proposed order will be submitted to Chambers in accordance with the Court's procedures.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 88.9(a), undersigned counsel certifies the conferred with DOJ Criminal Trial Lawyer Urbina regarding the relief requested in this motion, and the Government opposes the requested relief.

Dated: August 26, 2026

Respectfully submitted,

/s/ Michael B. Nadler
MICHAEL B. NADLER
FL BAR 0051264
848 BRICKELL AVENUE PH5-J72
MIAMI, FL 33131-1824
TELEPHONE: (305) 709-2573
MNADLER@ARKTOUROS.CO
Counsel for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 26, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF, which will send a notice of electronic filing to all counsel of record.

/s/ Michael B. Nadler
MICHAEL B. NADLER